Mr. Chief Justice Shaeeey
delivered the opinion of the court.
This was an action of ejectment. The plaintiffs in the circuit court established a perfect legal title in their ancestor, their heir-ship, and possession of the defendant.
The defendants relied on a title derived from Vance’s administrator, but the record of the probate court did not show that citations to persons interested in the real estate of Vance, hpd been issued as the statute requires, and, thereupon, the former clerk of the court was offered as a witness to prove that citation was legally issued to all persons interested, and returned exe-* cuted, and an order of sale was thereupon made by the court. That the several orders, citations, &c., have been lost or mislaid. This testimony was excluded, and this decision of the court constitutes the only question in the case.
Whether it is competent thus to admit parol evidence, to supply the place of a matter of record, which has been lost, is a question not free from difficulty. The weight of authority seems to be in favor of its admissibility. Many cases on this subject are cited in note 723, 3 Phillip’s Evidence, 1067. The rule deduced from them by the annotators is, that generally, in case of a lost or destroyed record, parol evidence is admissible of its contents, especially when no higher evidence is shown to' exist. In 1 Greenleaf’s Evidence, 581, the rule is laid down in *552 terms equally broad. These learned writers have cited very much the same adjudged cases. By some of them they are sustained; by others they are not, to the full extent of the rule. Following, then, the rule thus established, we are inclined to hold, that parol proof of the issuance and due service of citations was admissible, in connection with clear proof of loss, under circumstances not implicating the party claiming the benefit of such testimony, in being instrumental in the loss.
But the defendants also offered to prove, by the witness, that an order for the sale of the land was granted by the probate court. If any such order was made, it should have been placed on record, and there is no pretence that the records of the court have been lost, other than the citations. Indeed, it does not appear, that such order was not placed on record. If it was, it could not be proved by parol, unless the record containing it had been lost. If it was not, it cannot be supplied by parol proof. That would be to substitute parol proof in lieu of record evidence, and to dispense with so much of the law as requires the proceedings of the probate courts to be recorded; to substitute witnesses for judgments.
The proof of the issuance of the citations would have availed nothing, without proof of the order of sale, and as this could not be made, the defendant’s case could not be made out; under this state of things, no other judgment could have been given than for the plaintiff.
Judgment affirmed.